Chief Justice Robertson,
delivered the opinion of the court.
By a deed of general warranty acknowledging'^ consideration of $380, John Dooly, in his own natfte as agent of Henry Banks, and not in the- name of Banks by his agent, sold and' conveyed to Abraham Sharp a tract of land, supposed to contain nine hundred; and twenty five- acres. Jacob Swigert as- assignee of Banks, having obtained a judgment against Sharp-on a- note for $100, given as-a part of the consideration for the land thus sold.. Sharp filed a bill in chancery, in which, after alleging that Banks Was insolvent, and that William Cherry, James Hill’s heirs and George Reives severally.», held-adverse and paramouht titles to distinct parcels of the land, covering altogether abdu-t one hundred, and seventy five-acres, he prayed fot a decree for damages for the-alleged interference; and, also for a perpetual injunction to the judgment, and for a confirmation of the contract with Dooly for so much of the land, as was unembarrassed by those conflicting- titles. ■ ■ -
Swigert’s; answer required proof of all- the foregoing allegations of the bill ; that of Banks denied that he was insolvent;. required proofof the alleged con.-fliction of title, and of the superiority of any adversary claims; denied the authority or intention of Dooly to stipulate for a covenant of general- warranty; proposed a rescission of the contract, and averred that Sharp, when he made the contract, was in possession of a part of the land, and was well acquainted with all the claims described in his bill. Cherry, Rieves and Hill’s heirs were also made defendants, and answered the- bill. Cherry denied that his claim interfered with that of Banks; Rieves asserted an adverse claim to about one hundred acres of the land sold by Dooly to Sharp, alleging that he had'derived title from Morgan-,, whose patent was older than that of Skinner, under which Banks claimed, but not exhibiting any evidence whateve.r of a deri-. vation of title from Morgan.
oee¿ execut-edbyAin a?the agent ofB, constru-^he • and not that ofB,
The circuit court supposing, as the decree states, that there were superior adversary claims to three hundred and thirty six acres of the land sold by Dooly to Sharp, perpetuated the injunction to the judgment, and decreed that Banks should pay to Sharp’$¡50, and should also make to him a deed with general warranty for five hundred and eighty nine acres of the land, the title to which, the court considered free from all suspicion.
To reverse, that decree Banks and Swigert prosecute this writ of error, .
If the deed from Dooly to Sharp be considered a conveyance by Banks, the circuit court had no jurisdiction, for there is no proof of the alleged insolvency of Banks, and therefore, the remedy, if there be any cause of action, would be exclusively legal.
But the deed must be construed to be a conveyance by-Dooly and not by Banks.
1 he power ot attorney was comprehensive, it authorized Dooly to sell and’ convey, and to do whatever Banks could have done in his own right, without the intervention of an agent; it therefore, in our opinion, authorized Dooly, to make a contract for a general warranty. And whatever may, in fact, be the true state of the case, the de.ed. which was made and which is the only evidence in tire record tending to prove what the contract was, or what the parties intended that it should be, will not allow any other inference than that Dooly agreed to make, and Sharp expected to get a conveyance with a covenant of general warranty. Hence the chancellor had juris-, diction to supply the defect in the execution of the' power, and to decree a specific execution of the con-tractjas made and as authorized to be made; and if the allegations of the bill be true, the circuit court had power to perpetuate the injunction to the extent-of the alleged inferiority oí. Batik’s title, and to decree that Banks should convey by deed of general warranty,so much of the land as is not covered by the conflicting titles. Even according to this view of the case, however, the circuit court erred in deciding, as it did, that a claim in the name of Booker interfer-red with, and was superior to that^of Banks; be *182 cause that claim was not insisted on or even alluded lo the bill in any manner whatever.
the allegations of the bill were not sustained.
There is no satisfactory proof that any of the titles mentioned in the bill, interfere with-, that of Banks, or that, if they do, they are superior to that of Banks.
The only evidence tending to shew any interference, is a plat made out by protraction, and the case has not been so prepared or litigated-as to have authorized any decree as to the actual superiority of the several claims,even if they conflict, with each other. Banks was not called, on to exhibit his title either legal or equitable,and. therefore did,not do so; nor did Ricves or Hill’s heirs show or assert a superior equity, or any equity at all. Rieves- did not even show that he had any semblance of title, or that Morgan, under whom he professed to claim,, had any equitable right which could compete with the right of Banks, or that Morgan or any other person who held his title, even intended ever to contend against the title of Banks. It seems to us, therefore, that the circuit courtacted improvidently in deciding that any of the claims described in the decree were superior to that of Banks; he should not be concluded by such a decree rendered on such facts, and in a case so locjsely and imperfectly prepared.
As to Cherry’s claim, it is scarcely necessary to repeat that he himself has disclaimed any right to any part of the land sold by Dooly to Sharp. The record-which was relied on by Sharp, as proof that he had been evicted by Hill on a paramount title,.dbes not prove either the superiority of Hill’s title,, or, the fact of eviction.
Hill’s administrator having obtained a judgment against Sharp for a part of the price of a few acres-ofland which Hill had sold to Sharp, the latter in-joined the judgment, alleging, as the only ground for relief, that the title of Banks covered the land so purchased from Hill, and was superior lo that of Hill. In their answer, the administrator and heirs of Hill, denied the alleged interference of Banks’ claim, and insisted, that if it existed, Sharp was not entitled to *183 a perpetuation of his injunction, because he had first sold the land to Hill, and was well acquainted with the claim of Banks when he re purchased Hill; and these allegations, exceptas to the non-interference, were satisfactorily established. The circuit court dissolved the injunction. And it is the record of that suit which Sharp has used as proof of eviction, and of the superiority of Hill’s title.
Where a per-w!l8 “ei-privy ma*101 suit, nor had notice of its £1™record thereofisndt evidence a-pose J P
As Banks was neither party, nor privy to that Suit, and had no notice of its pendency, the record was not evidence against him for any purpose, and even if it had been evidence of the fact of eviction, it could not be legitimate or satisfactory proof of the superiority of Hill’s title. ' indeed the record does noishew tnat the titles wereadjudicatedon, and does shew that it ivas right to dissolve the injunction, even if Banks’s title had been ascertained to be su perior to that of Hill.
1 But if the allegations of the bill in this case had. been sustained, Sharp would, nevertheless, not have been entitled to a perpetuation of his injunction. His answer (o the answer of Banks, in the nature of a cross bill, and oilier circumstances which appear, shew satisfactorily, that he was well acquainted with all the claims specified in his bill, when he made the contract with Dooly. The existence of such claims would, therefore, be no cause for rescinding the contract, or for injoining the collection of any portion of the consideration. He has not been evicted; he still enjoys the possession unmolested, no new discovery as to tille has been made since he bought the land. He does not even ask a rescission of the contract, but is unwilling to rescind it. He should therefore pay the consideration, and take a title according to his contract, and repose on the warranty which Banks should be required to make. See Rawlins, et al. vs. Timberlake, VI Mon. 232. There is no allegation of fraud; no suit has been tried or even brought on any adversary claim. The injunction cannot therefore be justly perpetuated of protracted.
Wherefore, it is decreed and ordered that the de« cree of the circuit court be reversed and the cause remanded with instructions to dissolve the injunc *184 tion with costs and damages., and to decree that Banks make a conveyance to Sharp with deed of general warranty according to the contract between Sharp and Dooly, as the agent of Banks.
C. S. Mor-ehead, for plaintiff; Mills 8? Brozo», for defendants.
Sharp must pay to Swigert his costs also, in this court. But there will be no, decree here for costs between the ether parties.